**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNA DWIRAPITA,<br><br>              Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 10-70065<br><br>Agency No. A099-357-555<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Erna Dwirapita, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that Dwirapita failed to establish the incidents she suffered in Indonesia, individually or cumulatively, rose to the level of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (the incidents were "disturbing and regrettable" but did not rise to the level of past persecution). Substantial evidence also supports the agency's finding that, even as a member of a disfavored group, Dwirapita does not have a well-founded fear of future persecution because she failed to establish that she faces an individualized risk of harm. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, Dwirapita's asylum claim fails. We decline to remand for the BIA to consider her claim in light of our decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010).

Because Dwirapita failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Dwirapita failed to establish it is more likely than not that she will be tortured if returned to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**